UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case # 11-30227 |
| KRE, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

# MOTION FOR RELIEF FROM AUTOMATIC STAY

Alerus Financial, N.A. (hereinafter *"Bank"*), a secured creditor of the Debtor in the above-captioned Chapter 11 Bankruptcy Case, moves this Court, pursuant to Rule 4001(a)(1) and Rule 9014 of the Rules of Bankruptcy Procedure, and 11 U.S.C. § 362(d) and 11 U.S.C. § 363(e), for relief from the Bankruptcy automatic stay so as to permit the Bank to reschedule and have the Sheriff's Sale resulting from a commercial real estate mortgage foreclosure concluded in State Court, the Sheriff's Sale having been scheduled for March 9, 2011 but stayed by the Debtor filing its Chapter 11 Bankruptcy Petition one day prior to the Sale.

## OUTLINE & CONTENTS OF THIS MOTION

1. Grounds for Relief from Stay: No equity & property not necessary for effective reorganization.
2. Stage of the State Court post-foreclosure proceedings at the time Chapter 11 was filed.
3. Commercial real estate and mortgage debt which are the subject of this stay relief motion.
4. Value of the commercial real estate from which the Bank seeks relief from stay.
5. Debtor clearly has no equity in the commercial real estate on which stay relief is sought.
6. Debtor has burden to show that the commercial property is needed to reorganize, and must show that it can effectively reorganize.
7. Alternate grounds for Relief from Stay: "Cause."

**Prayer for Relief**

1

## MOTION GROUNDS FOR STAY RELIEF AND BACKGOUND

1.      **Grounds For Relief From Stay: No Equity & Property Not Necessary For Effective Reorganization.**  The Debtor has no equity in the commercial real estate upon which the Bank had foreclosed its mortgage and had the Sheriff's Sale scheduled, and the commercial real estate is not necessary for an effective rehabilitation or reorganization, pursuant to 11 U.S.C. § 362(d)(2).

2.      **Stage Of The State Court Post-Foreclosure Proceedings At The Time Chapter 11 Bankruptcy Was Filed.**  The Debtor filed its Bankruptcy Petition on March 8, 2011. At the time bankruptcy was filed, there was pending for the next day, March 9, 2011 a Sheriff's Foreclosure Execution Sale authorized by the State Court following a commercial real estate mortgage foreclosure prosecuted by the Bank. The Sheriff's Sale was necessarily cancelled due to the Bankruptcy filing and its automatic stay. The chronology of relevant events in the State Court proceeding are as follows:

   a.   On July 26, 2010 the Bank filed its commercial real mortgage foreclosure action against the Debtor and other lienholders in the District Court in and for Cass County, North Dakota in Civil Case # 09-2010-CV-02670, the Honorable Douglas Herman, District Judge, presiding. The State Court case is captioned:

| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF CASS | EAST CENTRAL JUDICIAL DISTRICT |

CIVIL NO. 09-2010-CV-02670

ALERUS FINANCIAL, N.A., a nationally chartered banking institution

                                                                Plaintiff,
        vs.

KRE,LLC, a North Dakota limited liability company and Mortgagor;
KNIGHT PRINTING COMPANY, INC., possible party in possession;

2

        COLORTECH HOLDINGS, LLC, possible party in possession;

        FARGO-CASS COUNTY ECONOMIC DEVELOPMENT CORPORATION, party with a UCC fixture filing;

        MAN CAPITAL CORPORATION, party with a UCC fixture filing;

        ANY PERSON(S) IN POSSESSION; and

        ALL PERSONS UNKNOWN claiming any interest in or lien or encumbrance upon the real estate described in the Complaint

                                                                Defendants

b.   Pursuant to a Motion for Summary Judgment made by the Bank, State Court Judge Herman granted the Bank's Motion for Summary Judgment of Foreclosure and issued his Findings, Conclusions and Order for Judgment on January 12, 2011, with Judgment of Foreclosure entered and docketed on January 13, 2011.

c.   Pursuant to the Foreclosure Judgment, the Clerk of State Court issued a Special Execution to the Sheriff of Cass County, and the Sheriff scheduled the Sheriff's Foreclosure Execution Sale for March 9, 2011 at 10 A.M. at the front steps of the Cass County Courthouse.

d.   The Sheriff's Sale was postponed and canceled due to the imposition of the automatic stay caused by the filing on the day prior to the Sale of the Chapter 11 Bankruptcy Petition by the Debtor.

4.     **Commercial Real Estate And Mortgage Debt Which Are The Subject Of This Motion For Relief From Stay.** Excerpted below is a portion of the ***Sheriff's Notice of Foreclosure Execution Sale*** which was being published weekly in the Fargo Forum in the weeks leading up to the Sale. The Notice details the amount owed pursuant to the Foreclosure Judgment and describes the foreclosed real estate:

> "The Judgment adjudged that there is due and payable on the real estate Mortgage described in Plaintiff's Complaint the sum of $2,504,028.63, with interest accruing after January 12, 2011 at the rate of $403.861035 per day, which Judgment and Decree, among other things,

                                                                                            3

directed the sale by me of the real estate hereinafter described to satisfy the amount of the Judgment with interest thereon and the costs and expenses of such sale or so much thereof as the proceeds of the sale applicable thereto will satisfy, and by virtue of a Writ to me issued out of the office of the Clerk and under the seal of the Court, directing me to sell the real property pursuant to said Judgment and Decree, the undersigned Sheriff of Cass County, North Dakota, and the person appointed by the Court to make the sale, will sell the hereinafter described real estate to the highest bidder for cash at public auction at the front door of the Courthouse in the City of Fargo and the County of Cass and the State of North Dakota, on March 9, 2011, at the hour of 10:00 o'clock in the forenoon of that day to satisfy the amount declared due and payable in said Judgment, with interests and costs thereon and the costs and expenses of such sale or so much thereof as the proceeds of such sale applicable thereto will satisfy. The premises to be sold pursuant to said Judgment and Decree and said Writ and to this Notice are located in the City of Fargo, County of Cass, North Dakota, and are described in the Judgment, Decree and Writ as follows, to-wit:

PARCEL 1:

Lots A, B, C, D, E, F, G and H, Auditor's Subdivision of Lot Three, the North 30 feet of Lot B, and that part of Lot C, lying North of a line 187 feet North of the South line of Lot C, Auditor's Subdivision of Lot Four, all in Block Two, of Fuller's Addition to the City of Fargo, Cass County, North Dakota.*

PARCEL 2:

The North Fifty feet of the South One Hundred Eighty-seven feet of Lot C, the East Forty-five feet of the South One Hundred Thirty-seven feet of Lot C, and the East Forty-five feet of the West One Hundred Thirty-five and Four tenths feet of the South One Hundred Thirty-seven feet of Lot C, in Auditor's Subdivision of Lot Four, Block Two, Fullers Addition to the City of Fargo, situate in the County of Cass and the State of North Dakota.*

The property is located in Cass County at 16 & 26 16th Street and 1543 S. 1st Avenue, Fargo, North Dakota 58103.

> *From the Mortgage the following parcel was **released** by Plaintiff Alerus by Partial Release of Mortgage recorded January 13, 2010 as Document #1286123:
>
> The South 137 feet of lot C, less the West 90.4 feet thereof, in Auditor's Subdivision Lot Four (4), Block Two (2), Fuller's Addition to the City of Fargo, Cass County, North Dakota"

4

With additional interest, publication fees, execution fees and other court costs from the time of the Judgment to the Sheriff's Sale, the total amount due as of March 9, 2011 was as follows (excerpted from the *Sheriff's Report and Return on Special Execution* which the Sheriff would have issued on the day of the Sale, but for the Bankruptcy):

```
Amount declared due in Judgment.................................................$2,506,502.78
Interest to date of sale...................................................................... $   22,616.22
Printer's fees              ..........................................................................$       244.08
Clerk's fees - Special Execution ...................................................$        10.00
Register of Deeds ...........................................................................$        22.00

Total amount due Plaintiff Judgment, interest and costs .......................$2,529,395.08
```

5.   **Value Of The Commercial Real Estate From Which The Bank Seeks Relief From Stay**.  The Debtor in its own Bankruptcy Petition admits, under penalty of perjury, that its only asset is the commercial real estate which is the subject of the Bank's foreclosure, and the Debtor values that property at $800,000.  ***KRE Bankruptcy Petition, Schedule A.***  The Debtor admits that the Bank has a claim in excess of $2,500,000 on the mortgage debt which was the subject of the Foreclosure Judgment. ***Id***.

In addition to the Debtor's own opinion of value, excerpted below is a portion of a ***Courtesy Notice of Plaintiff's Anticipated Credit Bid at Sheriff's Foreclosure Sale***, which the Bank filed in a related State Court case where the Bank had taken a judgment against personal Guarantors of the KRE mortgage loan debt. That related action is Cass County District Court Civil Case # 09-2010-CV-02877, captioned "Alerus Financial, N.A., Plaintiff vs. The Marcil Group, Inc., Michael J. Marcil and Arthur S. Rosenberg, Defendants." This Courtesy Notice advises of various valuations of the KRE commercial real estate:

> "This is a courtesy notice to advise the Court and the Defendants that, if there are no acceptable third party cash bids at the upcoming Sheriff's Sale of the KRE, LLC commercial real estate, then Plaintiff Alerus Financial, N.A. intends to make a credit bid against its foreclosure judgment at the Sheriff's Sale on March 9, 2011, at 10:00 o'clock a.m. in Cass County District Court Civil Case No. 09-2010-CV-02670, captioned Alerus Financial, N.A. vs. KRE, LLC, et al.  The money judgment taken against the Guarantor Defendants in the instant case will of course be adjusted and affected by the highest bid (cash or credit) accepted by the Sheriff of Cass County at the upcoming Sheriff's Sale.

5

If there are no cash bidders at the sale, or cash bids are unacceptable to Plaintiff, Plaintiff intends to bid the sum of **$1,840,000.00** as a credit against the foreclosure judgment, and correspondingly, as an identical credit against the money judgment taken against the Guarantor Defendants in the instant case.

The rationale for the Alerus bid is as follows:

a. Alerus obtained an appraisal of the property on August 13, 2010, indicating a then "as is" market value of $2,530,000.00. The property had a renter occupying a portion of the premises at the time of the appraisal.

b. In that same appraisal, the appraiser also indicated a "go dark" value for the property of $1,840,000.00.

c. On February 7, 2011, at Alerus' request, Goldmark Schlossman Commercial Real Estate Services, Inc. prepared a Broker's Opinion of Value ("BOV") for Alerus. The Goldmark Schlossman people indicated they do this type of analysis regularly, but their BOV is not an appraisal but rather a professional opinion of value based on Goldmark Schlossman's knowledge and inspection of the property, comparable sales and market trends. The BOV is not based on "replacement value" or "cost of reproduction" but is based primarily on a "comparable sales" method. The BOV is the value Goldmark Schlossman would suggest for "listing" the property if it were to be offered on the market for sale. The Goldmark Schlossman BOV opinion of the entire property including all buildings, site improvements and undeveloped land was approximately $1,825,000.00.

d. On February 15, 2011, a Fargo businessman associated with Sanford Health called the undersigned's law office and asked whether Alerus would be willing to accept a cash bid of $500,000.00. The gentleman advised that he was quite familiar with the building, and because it had been used as a premises for printing he surmised there were some environmental issues associated with the building because of its age and the fact that caustic chemicals were used in the printing processes during the first half of the last century. He also indicated that the location of the building is in a somewhat rundown area of Main Avenue in Fargo. After consulting with Alerus, we advised this gentleman that a $500,000 cash offer would be far too low. He indicated he might appear at the Sheriff's Sale, but he would never be inclined to bid anything more than $500,000.00 cash.

e. On February 18, 2011, a company known as SJC Management, LLC from San Jose, California contacted the undersigned and offered to purchase the property for net proceeds to Plaintiff Alerus of $661,548.00. SJC furnished its own analysis to Alerus using factors such as three years of unpaid real estate taxes, the cost of a bankruptcy proceeding if KRE filed bankruptcy prior to the Sheriff's Sale, renovation and maintenance costs throughout any such delay, ultimate sales costs and other deductions from the amount owed to Alerus to net out $661,548.00 offered to be paid by SJC to Alerus. Alerus has rejected this proposal to either sell the building at the Sheriff's sale for that cash bid, or to sell the Alerus position in the foreclosure and the note and mortgage for that price. There are still some negotiations going on between Alerus and SJC, but the

6

parties are extremely far apart. Alerus has been insisting on at least $1,840,000.00 which is the amount Alerus will bid at the Sheriff's sale as a credit bid against the judgment, if no cash bidders are available to bid at least that amount or something approaching that amount."

6.      **Debtor Clearly Has No Equity In The Commercial Real Estate From Which The Stay Is Sought To Be Relieved**. Pursuant to 11 U.S.C. § 362(g), the Bank as movant for stay relief has the burden of proof on the issue of the Debtor's equity in the property. Clearly the total debt against the property, $2,529,395.08 as of March 9, 2011, exceeds the Debtor's opinion of value and the various other indications of value which the Bank reported to the personal Guarantors in the Courtesy Notice.

7.      **Debtor Has Burden To Show That The Commercial Property Is Needed To Reorganize, And Must Show That It Can Effectively Reorganize**. 11 U.S.C. § 362(g)(2) requires that the *Debtor* has the burden of proof on all other issues when a motion for relief from stay is made on the basis of no equity in the property and that the property is not necessary for an effective reorganization. While it is the Debtor's burden to prove that it can effectively reorganize, the Bank respectfully asks that the Court to consider the following factors which the Bank submits show that the likelihood of an "effective" reorganization is extremely doubtful:

   a. Even if the Debtor could obtain a confirmed plan of reorganization requiring it to repay only appraised value of the commercial real estate (or the Debtor's own scheduled much lower opinion of value), the entire valuation of the property would continue to be consumed by debt owed to the Bank as identified in the State Court foreclosure proceeding.

   b. The Bank has a perfected assignment of rents on the commercial real estate sought to be relieved from the stay, so because rentals are the Bank's cash collateral there is no available cash flow with which the Debtor can use to run or reorganize its commercial real estate investment business, unless the Debtor can furnish adequate protection to the Bank.

7

c. Given that only asset of the Debtor – the commercial real estate – has its value consumed by the Bank's mortgage and judgment lien, the Debtor has no other known assets with equity, there is nothing the Debtor can offer by way of adequate protection for the Bank if the Debtor seeks to use the Bank's cash collateral – i.e. rentals – to reorganize. In the Debtor's Bankruptcy Schedules, the Debtor reports that it has no cash on hand or any other assets with which it can offer the Bank any adequate protection. ***KRE Bankruptcy Petition, Schedules A and B.***

d. At present, there are no tenants in the building (except for a very short term lease which the Foreclosure Trustee has negotiated with Easter Seals). So the property is not now generating any income from which the Debtor can reorganize, renovate or otherwise run its business.

e. In the State Court foreclosure, the Bank sought from the State Court and obtained the appointment of a Foreclosure Trustee, GOLDMARK Property Management, Inc. to manage and maintain the property. The Foreclosure Trustee was appointed "for good cause shown" under Chapter 32-19.2, N.D.C.C. The Debtor KRE had failed to pay real estate taxes on its commercial property for the years 2008 and 2009 at the time the foreclosure was commenced, and pursuant to Midwest Federal Savings Bank v. Symington, 423 NW.2d 797 (N.D. 1988), a Foreclosure Trustee was appointed because that case held that "[u]npaid property taxes on the mortgaged property constitute good cause for the appointment of a Trustee."

f. The Foreclosure Trustee has been caring for and maintaining the commercial property since August 24, 2010, when State Court Judge Herman appointed GOLDMARK Property Management, Inc. to the position of Trustee. In other words, KRE has not been in possession of, or managing, its property for more than six months prior to its bankruptcy filing.

With no tenants, with no assets other than the mortgaged and foreclosed real estate, with no other assets to offer the Bank as adequate protection, with unpaid real estate taxes, and the

8

fact that the Debtor KRE has not been in possession or management of its own property for at least six months, the Bank submits that the likelihood of a successful reorganization in the above-captioned case is extremely doubtful.

8.  **Alternate Grounds For Relief From Stay: "Cause."** The Bank herein alleges alternate grounds for relief from the automatic stay for "cause" pursuant to 11 U.S.C. § 362(d)(1), such cause including but not necessarily limited to lack of adequate protection of the Bank's mortgage and foreclosure interests and rights, to-wit: Debtor's failure to pay real estate taxes which the Bank will be required to pay in order to avoid forfeiture of the property.

PRAYER FOR RELIEF FROM STAY

**WHEREFORE,** Movant Alerus Financial, N.A. prays for relief as follows:

1.  That the Bankruptcy Court grant relief from the automatic stay to permit the Bank to reschedule the Sheriff's Foreclosure Execution Sale to complete the foreclosure process and allow the redemption period to run.

2.  That the 14 day stay of Order required by Rule 4001(a)(3) be excused by the Court.

3.  And for such other and further relief as the Court deems just and proper under the circumstances.

DATED THIS 9th day of March, 2011.

/s/ John S. Foster
**JOHN S. FOSTER, ND ID # 03300**
Zimney Foster P.C.
3100 South Columbia Road, Ste 200
Grand Forks, ND 58208-3417
Telephone: 701-772-8111
Fax:  701-772-7328
johnfoster@northdakotalaw.net
Attorney for Creditor Alerus Financial, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case # 11-30227 |
| KRE, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

# NOTICE OF MOTION

TO ALL INTERESTED PARTIES:

Notice is hereby given that Alerus Financial, N.A. a secured creditor of the Debtor, has filed a **Motion for Relief from Automatic Stay**, a copy of which Motion is annexed hereto and herewith served upon you.

NOTICE IS FURTHER GIVEN that written objections to said Motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, whose address is 655 First Avenue North, Ste 210, Fargo, ND 58102 – 4932, with a copy mailed to counsel for Alerus Financial, N.A., listed below. **You have fourteen (14) days to object to this Motion.** Any objections not timely filed and served may be deemed waived.

DATED THIS 9th day of March, 2011.

/s/ John S. Foster
**JOHN S. FOSTER, ND ID # 03300**
Zimney Foster P.C.
3100 South Columbia Road, Ste 200
Grand Forks, ND 58208-3417
Telephone: 701-772-8111
Fax: 701-772-7328
johnfoster@northdakotalaw.net
Attorney for Creditor Alerus Financial, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case # 11-30227 |
| KRE, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

STATE OF NORTH DAKOTA    )
                         ) ss.
COUNTY OF GRAND FORKS    )

    BRENDA R. DIPERSIO, being first duly sworn on oath, deposes and states as follows: she is a resident of the City of Grand Forks, Grand Forks County, State of North Dakota, is of legal age and not a party to or interested in the above entitled matter. That on the 9th day of March, 2011, affiant caused the following:

    1.    **Motion for Relief from Automatic Stay**
    2.    **Notice of Motion**

to be filed electronically with the Clerk of Court, through ECF, and a copy of the above-referenced documents will be delivered to the people listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service:

    David L. Johnson – davidjohnson@mlcfargolaw.com

and a copy of the above-referenced documents will be delivered to the people listed below by U.S. Mail postage prepaid.

| | |
|---|---|
| KRE, LLC<br>16 & 26 South 16th Street<br>Fargo, ND 58103 | SJC Income Opportunity Fund LLC<br>675 North 1st Street, Ste 110<br>San Jose, CA 95112-5137 |
| Cass County Treasurer<br>PO Box 2806<br>Fargo, ND 58108-2806 | Securities and Exchange Commission<br>175 W. Jackson Bvld, Ste 900<br>Chicago, IL 60604-2908 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | St. John's Capital Group<br>675 North 1st Street, Ste 110<br>San Jose, CA 95112-5137 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Bruce J. Gering<br>Office of the United States Trustee<br>314 South Main Avenue, Ste 303<br>Sioux Falls, SD 57104-6462 |
| Joel Fremstad, PLLC<br>PO Box 3143<br>Fargo, ND 58108-3143 | Knight Printing Company<br>16 South 16th Street<br>Fargo, ND 58103-1518 |
| KRE, LLC<br>c/o Jordan T. Schuetzle<br>4200 James Ray Drive, Ste 203<br>Grand Forks, ND 58202-6090 | MG Capital LLC<br>c/o Joel Fremstad<br>PO Box 3143<br>Fargo, ND 58108-3143 |
| Mikarthur Holding, LLC<br>c/o Joel Fremstad<br>PO Box 3143<br>Fargo, ND 58108-3143 | Marcil Group, Inc.<br>Michael Marcil and Art Rosenberg<br>c/o Joel Fremstad<br>PO Box 3143<br>Fargo, ND 58108-3143 |
| North Dakota State Tax Dept.<br>Attn: Donnita Walkd<br>Assistant Attorney General<br>600 East Boulevard Ave<br>Bismarck, ND 58505-0599 | Reliance Associates PC<br>c/o Joel Fremstad<br>PO Box 3143<br>Fargo, ND 58108-3143 |

/s/ Brenda R. DiPersio
BRENDA R. DIPERSIO

Subscribed and sworn to before me this 9th day of March, 2011.

/s/ Rochelle Greenberg
Notary Public
My Commission Expires: 4/07/2014